UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MCNICHOLS, | Case No. EDCV 15-0262-KK |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.

## **INTRODUCTION**

Plaintiff Kevin McNichols's ("Plaintiff's") counsel, Michael S. Brown of California Lawyers Group ("Counsel"), filed a Motion for Attorney's Fees Pursuant to Title 42 of the United States Code, section 406(b) ("Motion"). The Motion seeks an award in the amount of $18,000[1] for representing Plaintiff in an action to obtain disability insurance benefits.

---

[1] The Social Security Administration ("SSA") has already awarded Counsel $6,000 under Title 42 of the United States Code, section 406(a)(2)(A) ("Section 406(a)(2)(A)"). ECF Docket No. ("Dkt.") 26, Mot. at 3.

The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to Title 28 of the United States Code, section 636(c). For the reasons stated below, the Court grants the Motion.

## II.

## **RELEVANT BACKGROUND**

On August 10, 2012, Plaintiff filed an application for Title II Disability Insurance Benefits ("DIB"). Administrative Record ("AR") at 144. Plaintiff's application was denied initially on September 28, 2012, and upon reconsideration on September 23, 2013. Id. at 70, 77.

On October 3, 2013, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 83. On April 24, 2014, the ALJ issued a decision denying Plaintiff's application for DIB. Id. at 19.

On May 30, 2014, Plaintiff filed a request for the Agency's Appeals Council to review the ALJ's decision. Id. at 8. On December 12, 2014, the Appeals Council denied Plaintiff's request for review. Id. at 1.

On February 11, 2015, Plaintiff filed the complaint in this action ("Complaint"). See Dkt. 1, Compl. at 1. Plaintiff alleged defendant Carolyn W. Colvin ("Defendant") had improperly denied Plaintiff's applications for DIB. Id. at 2-3.

On December 2, 2015, the Court found Defendant erred in denying Plaintiff's application, and entered Judgment reversing and remanding the case to Defendant for further administrative proceedings. Dkt. 22, Judgment. Upon remand, a second ALJ determined Plaintiff was entitled to benefits, including back benefits in the amount of $117,973. Mot. at 3.

On March 7, 2016, the Court awarded Counsel fees under the Equal Access to Justice Act ("EAJA") in the amount of $5,000. Dkt. 25, Order Awarding EAJA Fees.

On November 3, 2016, under Title 42 of the United States Code, section 406(b) ("Section 406(b)"), Counsel filed the instant Motion seeking an adjusted amount of $18,000 (which accounts for the $5,000 he was awarded in attorney's fees under EAJA) pursuant to a fee agreement executed on March 27, 2014 ("March 2014 Agreement"). Mot. at 1-2. Pursuant to the March 2014 Agreement, Plaintiff agreed, "If the first ALJ decision after the date of this Agreement is a denial and my attorneys agree to appeal and I win my case later, my attorneys will ask SSA to approve a fee no greater than twenty-five percent (25%) of all past-due benefits awarded in my case." Id. According to Counsel, the gross fee of $23,000 ($18,000 plus the $5,000 EAJA fee award) represents only 19.5% of Plaintiff's past-due benefits. Id. at 3.

On November 7, 2016, Defendant filed a Response to the Motion stating she "has no objection to the fee request." Dkt. 27, Resp. at 2.

On November 23, 2016, Plaintiff filed an Opposition[2] to Counsel's Motion arguing Counsel is not entitled to more than $6,000 according to the terms of a fee agreement Counsel purportedly required Plaintiff to sign on September 29, 2016 ("September 2016 Agreement"). Dkt. 28, Opp. at 2-4.

Counsel did not file a Reply to Plaintiff's Opposition. Thus, the Court deems this matter submitted.

## III.
## DISCUSSION

**A.   APPLICABLE LAW**

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable

---

[2]   The Court refers to the pages of the Opposition as if the Opposition was consecutively paginated.

3

>fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).  Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

Where a claimant entered into a contingent fee agreement with counsel, a court must apply Section 406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Id. at 793.  A court should not use a "lodestar method," under which a district court "determines a reasonable fee by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc) (citation omitted).  Rather, where the claimant and counsel entered into a lawful contingent fee agreement, courts that use the "lodestar" method as the starting point to determine the reasonableness of fees requested under Section 406(b) improperly "reject the primacy of lawful attorney-client fee agreements." Gisbrecht, 535 U.S. at 793.  Thus, courts should not apply lodestar rules in cases where the claimant and counsel reached a contingent fee agreement because:

>[t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement.  A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the

4

1     disadvantage of [social security] claimants who need counsel to
2     recover any past-due benefits at all.
3 Crawford, 586 F.3d at 1149.
4     However, even in contingency fee cases, a court has "an affirmative duty to
5 assure that the reasonableness of the fee [asserted by counsel] is established." Id.
6 The court must examine "whether the amount need be reduced, not whether the
7 lodestar amount should be enhanced." Id.  The court may consider factors such as
8 the character of the representation, the results achieved, the ratio between the
9 amount of any benefits awarded and the time expended, and any undue delay
10 attributable to counsel that caused an accumulation of back benefits in determining
11 whether a lawful contingent fee agreement is reasonable.  See Gisbrecht, 535 U.S.
12 at 808; Crawford, 586 F.3d at 1151.
13 **B.   ANALYSIS**
14     **(1)   PLAINTIFF ENTERED INTO A LAWFUL CONTINGENCY FEE**
15            **AGREEMENT**
16     Here, Plaintiff entered into a lawful contingency fee agreement with Counsel
17 on March 27, 2014, which provides Counsel may seek a fee no greater than 25% of
18 all past-due benefits awarded if "the first ALJ decision after the date of the
19 agreement is a denial and [Counsel] agrees to appeal and [Plaintiff] wins [his] case
20 later." See Mot. at 17; Opp. at 9.
21     To the extent Plaintiff claims the September 2016 Agreement, which the
22 Court notes is not signed by Counsel, limits Counsel's fees to $6,000, the Court
23 does not find Plaintiff's claim dispositive.  First, the September 2016 Agreement,
24 as presented by Plaintiff, is not an executed agreement, which causes the Court to
25 question its enforceability.  See Dunn v. Teachers Ins. & Annuity Ass'n of Am.,
26 No. 13-CV-05456-HSG, 2016 WL 153266, at *4 (N.D. Cal. Jan. 13, 2016) (holding
27 unsigned document used as evidence is afforded diminished weight by the court);
28 Weddington Prods., Inc. v. Flick, 60 Cal. App. 4th 793, 811, 71 Cal. Rptr. 2d 265,

5

277 (1998) ("If there is no evidence establishing a manifestation of assent to the 'same thing' by both parties, then there is no mutual consent to contract and no contract formation."); Opp. at 11.

Second, even assuming the September 2016 Agreement was executed and enforceable, Counsel is still entitled to seek approval from the SSA of a fee no greater than 25% of all past-due benefits awarded under the terms of the agreement. See id. The relevant section of the September 2016 Agreement states:

> If I win at any administrative level through the first Administrative Law Judge ("ALJ") decision after the date of this Agreement, I agree that the attorneys fee will be the lesser of twenty-five percent (25%) of all past-due benefits awarded to my family and me, or the dollar amount established pursuant to 42 U.S.C. § 406(a)(2)(A), which is currently $6,000, but may be increased from time to time by the Commissioner of Social Security. I understand that my attorneys have the right to seek administrative review to increase the amount of the fee set under the preceding sentence of this Agreement; but if that happens, my attorneys will not ask for a fee of more than 25% of total past-due benefits awarded in my case.

Id.

Plaintiff correctly notes the September 2016 Agreement limits Counsel to a $6,000 fee because Plaintiff prevailed under the first ALJ decision after the date of the agreement. Id. at 3. However, in the sentence that follows, Plaintiff specifically acknowledges he "understand[s] that [Counsel] ha[s] the right to seek administrative review to increase the amount of the fee set under the preceding sentence . . . no more than 25% of total past-due benefits awarded" ("Acknowledgment Clause"). Id. at 11. Thus, pursuant to the Acknowledgment Clause of the September 2016 Agreement, Counsel has the right to seek a fee greater than $6,000.

Finally, to the extent Plaintiff claims the Court should not enforce the Acknowledgment Clause because Counsel misrepresented the contents of the September 2016 Agreement by claiming the agreement was "identical to the previous one," when it in fact contained the Acknowledgment Clause, the Court does not find this argument persuasive. Id. at 3. First, Plaintiff signed the September 2016 Agreement, and thus, he is presumed to have known the contents of the agreement when he signed it. See Wallace v. Chafee, 451 F.2d 1374, 1377 (9th Cir. 1971) ("One who enters a contract is on notice of the provisions of the contract. If he assents voluntarily to those provisions after notice, he should be presumed, in the absence of ambiguity, to have understood and agreed to comply with the provisions as written.").

Moreover, Plaintiff had a reasonable opportunity to discover the additional sentence in the September 2016 Agreement. His purported failure to discover the additional sentence does not affect the enforceability of any portion of the September 2016 Fee Agreement. See Wildman v. Pac. Coast Indep. Brokerage, Inc., 16 F. App'x 741, 743 (9th Cir. 2001) ("A misrepresentation of the contract's contents alone does not render a contract's contents void 'where the defrauded party had a reasonable opportunity to discover the real terms of the contract.'" (citing Rosenthal v. Great W. Fin. Sec. Corp., 14 Cal. 4th 394, 419-20, 926 P.2d 1061, 1075 (1996))).

### (2) COUNSEL'S FEE IS REASONABLE

As Counsel's request is in compliance with Plaintiff's fee agreements, the only remaining question is whether the fee Counsel seeks is reasonable under Section 406(b). In this case, consideration of the factors set forth in Grisbrecht and Crawford do not warrant any reduction of the fee. A fee of $29,000 based on 35 hours of attorney time is reasonable. Mot. at 4, 19-20. The Court finds Counsel's

effective hourly rate of approximately $828.57[3] reasonable under the circumstances. Id. at 4; see Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving Section 406(b) fees exceeding $1,000 per hour, and noting that "[r]educing [Section] 406(b) fees after Crawford is a dicey business"). Further, post-Gisbrecht decisions have approved contingent fee agreements yielding hourly rates greater than the rate Counsel seeks. See e.g., Daniel v. Astrue, 2009 WL 1941632, at *2-3 (C.D. Cal. July 2, 2009) (approving fees amounting to $1,491.25 per hour). Hence, in light of the hours Counsel expended, the Section 406(b) fee award amount Counsel requests would not represent an unfair windfall to Counsel.

Finally, nothing in the record suggests any overreaching in the making of the fee agreement or any impropriety on the part of Counsel in representing Plaintiff. Counsel assumed the risk of nonpayment inherent in a contingency agreement and Counsel's efforts proved successful for Plaintiff. Accordingly, the Court finds the Section 406(b) fees Counsel requests reasonable.

## IV.
## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED**: (1) Counsel's Motion for Attorney's Fees is **GRANTED**; and (2) Defendant is directed to pay Counsel the sum of $18,000.

Dated: December 08, 2016

*[signature]*

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

---

[3] Counsel's Motion lists the approximate hourly rate as $842.66. Mot. at 4. This figure is based off a true 25% fee award, which amounts to $29,493.25. Id. As Counsel is only seeking to obtain a total of $29,000 ($18,000 fee, $5,000 EAJA fee award, and $6,000 award already issued by the SSA), the Court calculated his approximate hourly rate based on this figure.